"Where the agent is known as such to the third person, and the payment to him is a proper one, in pursuance of a valid authority, and without fraud, duress, or mistake, the third person's remedy, in case he ultimately becomes entitled to a return of the money, is against the principal, and he cannot hold the agent individually liable for its return, although he has not paid it over to his principal"—citing cases peculiarly in point, including Colvin v. Holbrook, 2 N. Y. 126, and Huffman v. Newman, 55 Neb. 713, 76 N. W. 409.

I find, therefore, no reason for granting a reargument of this appeal. Respondent suggests, however, that a recovery for part of the money sued for in the present action was had in another suit, and that the judgment in that case was affirmed without opinion at a previous term of this court. We have not before us the record upon which the previous appeal was decided; but, to avoid the possibility that an unresolved conflict of decisions between two separate terms of this court exist, I believe that the respondent should be granted leave to appeal to the Appellate Division. All concur.

---

(92 Misc. Rep. 399)

### SIMPSON v. TWENTY-EIGHTH ST. CO.

(Supreme Court, Appellate Term, First Department.    November 15, 1915.)

REWARDS ☞8—CONTRACT—PERFORMANCE.

    Where a reward was offered for the return of lost rings, "no questions asked," plaintiff, who merely gave information that led to the recovery of the property by criminal proceedings, was not entitled to such reward.

    [Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 9–12; Dec. Dig. ☞8.]

    Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Emma Simpson against the Twenty-Eighth Street Company. Judgment for plaintiff, and from it, and an order denying its motion for new trial, defendant appeals. Judgment reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Gilbert & Wessel, of New York City (Harry N. Wessel, of New York City, of counsel), for appellant.

Samuel J. Joseph, of New York City, for respondent.

PAGE, J. The reward was offered for the return of the property, "no questions asked." The reward was not for information that would lead to the arrest or conviction of the thief and the ultimate recovery of the property by the public authorities. A person offering a reward may make his offer subject to any condition that he pleases, and a contract arises only upon the performance of the condition. Therefore, when plaintiff proved merely that she gave information that led to the recovery of the property by virtue of criminal proceedings, she did not prove facts sufficient to constitute a cause of action, and de-

fendant's motion to dismiss at the close of the plaintiff's case should have been granted.

Judgment reversed, with $30 costs, and complaint dismissed, with costs.

SHEARN, J., concurs.

BIJUR, J. (dissenting). Plaintiff sued for the reward offered in the following advertisement:

"$100 reward and no questions asked if the rings taken from the ladies' room at the Prince George Hotel are returned to the office 14 East 28th street."

The chief question litigated was whether the defendant, which operated the hotel, or the guest who had lost the rings, was liable. The learned judge below charged the jury, without exception, that if they believed the plaintiff's story that the manager of the hotel, when she called, had not told her that he inserted the advertisement at the instance of a certain guest, they were to find for the plaintiff, but if they believed that he had told her, as he claimed he had, they must find for the defendant. I see nothing but a question of veracity, which the jury resolved in plaintiff's favor. But I think that as matter of law the defendant is liable. The advertisement was admittedly inserted with the approval of the manager of the hotel, and as I read it, with that fact in mind, it is the offer of the hotel to pay the reward, with the hotel as principal, and the mere fact that there was an undisclosed principal behind the hotel is no defense to the plaintiff's claim.

The precise point made in the majority opinion was not brought out at the trial at all. No reference was made to it on either motion to dismiss the complaint, and the judge below, in charging the jury that the plaintiff has the burden of proving that she had "substantially complied with the terms of the advertisement," went on to connect this charge with the question whether the property had been returned "to the office," and added:

"Well, now, if the property got back to the people to whom the office intended it should be returned, why that is a compliance with the offer."

Nowhere was it suggested that the plaintiff had not been the immediate moving cause of the return of the ring. Moreover, had the question been raised, I think it would have had to be decided in plaintiff's favor. The uncontradicted evidence is that plaintiff told the manager of the hotel that she had seen a maid of the hotel take the rings under circumstances which are not material to this controversy; that the next day the manager sent his automobile and brought her to the hotel, where she confronted the maid, and either then, or at the interval of a day or two, the plaintiff was similarly called for and taken to a Police Court, where a city detective produced the rings from his own possession and turned them over to a gentleman, presumably the owner. There is no doubt, however, that they were immediately delivered to the owner. It developed at the trial that no other person claimed the reward.

I think the plaintiff "returned to the office" the rings in question in substantial compliance with the terms of the offer. Judgment should be affirmed.